**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| NIKOLA NENADOVICH,<br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY a/k/a NATIONWIDE INSURANCE COMPANY and CRESTBROOK INSURANCE COMPANY,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 2:25-CV-122-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on an Emergency Motion for the Entry of a Protective Order [DE 80], filed by Defendants on July 20, 2026, and a Motion to Strike Late Disclosed Fact Witnesses [DE 84], filed by Defendants on July 24, 2026. Defendants seek a protective order limiting a Rule 30(b)(6) deposition and move to strike some of Plaintiff's fact witnesses. Plaintiff filed a response to the motion for protective order on July 22, 2026, and to the motion to strike on July 24, 2026. Defendants filed a supplement to its motion for protective order on July 29, 2026, and a reply in support of its motion to strike on July 30, 2026.

**I. Background**

Plaintiff's underinsured motorist case was filed in state court on February 11, 2025, and removed to this court on March 13, 2025. After the Court granted Defendants' previous motion to compel and several extensions of time, fact discovery closed on July 27, 2026, and expert discovery is currently set to close on January 25, 2027.

Defendants request that the Court enter a protective order limiting the topics of requested Rule 30(b)(6) depositions and strike Plaintiff's late-disclosed fact witnesses.

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . .. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). )The party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

### A. Protective Order

Defendants request that the Court enter a protective order and not require its corporate designee(s) to sit for a deposition that they assert was improperly noticed and whose topics are overbroad. Defendant argues that the deposition should proceed and the fact discovery deadline be extended to allow time for the deposition.

Federal Rule of Civil Procedure 26(c) allows the Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). "The party moving for a protective

order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.,* 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013).

A deposition notice must be in writing, within a reasonable time, and "must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). Defendants argue that, rather than serve a formal notice, Plaintiff provided Defendants with draft notices, without any time or place identified, including lists of proposed topics for the depositions of corporate designees. Defendants assert that Plaintiff did not tell them that he intended his draft notice to be an actual notice until July 17, 2026. On July 8, 2026, Plaintiff sent an email proposing that the Rule 30(b)(6) deposition take place July 21, 2026, which is less than the notice required by Local Rule 30-1, and not in compliance with the requirement to work in good faith with opposing counsel to schedule depositions. N. D. Ind. L. R. 30-1.

In addition to the failure to comply with the procedural requirements for scheduling a Rule 30(b)(6) deposition, Defendants argue that the proposed topics are overbroad. When a notice or subpoena is directed toward an organization, the organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf. . . The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

It is not apparent to the Court what topics Plaintiff has designated for the 30(b)(6) deponent, since there are several versions of the draft notice and, as Defendants argue, none of them comply with the procedural requirements for a Rule 30(b)(6) notice. On review of the briefs and the draft notices, it appears that the proposed topics are beyond that appropriate for a Rule 30(b)(6) deposition. For example, the first 5 identified topics are Defendants' affirmative defenses. To the extent that Plaintiff is seeking legal conclusions, that is not an appropriate topic for a deposition,

and the request for all witnesses and documents is both overbroad and more appropriately obtained through written discovery rather than a corporate deposition, but questions about the factual basis of the affirmative defense are permissible. Similarly, other requests for things like all training materials and claim handling guidelines are overbroad and questions should be limited to the relevant time period and relevant policies and guidelines. Defendants argue that some of the topics lack particularity for them to identify and prepare a witness who would have the information Plaintiff is seeking, and much of the information would be better obtained through fact depositions or the documents that have been produced. Other topics refer to information that is protected from disclosure by privilege, is irrelevant to the claims in the suit, or does not exist.

Plaintiff did not address Defendants' arguments regarding each of the putative Rule 30(b)(6) topics. Instead, Plaintiff argues that the motion to strike Defendants' affirmative defenses, pending at the time the response was filed, might limit the scope of the topics and suggests that the parties meet and confer regarding any adjustments to the 30(b)(6) topics after resolution of the motion. He agrees that the topics should be narrowed, rather than the Rule 30(b)(6) deposition being prohibited in its entirety, although he does not propose any specific narrowing.

No proper Rule 30(b)(6) notice was served on Defendants. The notice itself was deficient and Plaintiff failed to comply with the requirements of Local Rule 30-1 to schedule depositions in good faith or serve the notice fourteen days before the deposition. Furthermore, to the extent that the draft notices were intended as actual notices, many of the topics are overbroad or otherwise inappropriate for a Rule 30(b)(6) deposition.

Given the nature of the requests and their overlap with other discovery in this case, it is not apparent to the Court what topics, if any, require a corporate designee's testimony. In the interest of justice, noting that Plaintiff did attempt to communicate with Defendants regarding scheduling

of the deposition prior to the close of discovery and that the motion to strike affirmative defenses was still pending, if Plaintiff still needs to take the deposition of a corporate designee pursuant to Rule 30(b)(6), counsel may work with counsel for Defendants to narrow the scope of the topics to only those that are necessary and appropriate for a corporate designee to address, limited in time and scope, and serve a proper notice setting the deposition for an agreed-upon date, and prior to the close of all discovery on January 25, 2027. The Court acknowledges that expert disclosures and reports should have already been exchanged and, while a motion for extension of any current deadlines is extremely disfavored, the Court will consider one motion on showing of good cause, including reference to specific information obtained from the corporate designee that necessitates the additional time. The Court cautions Plaintiff that failure to fully and completely comply with the applicable rules and law regarding this deposition will result in the entry of a protective order and award of any attorney's fees and costs incurred in bringing a renewed Rule 26 motion.

B. Motion to Strike

Defendants request that the Court strike three fact witnesses disclosed by Plaintiff seven days before the close of fact discovery. They explain that Plaintiff disclosed three fact witnesses only a few days before fact discovery closed, preventing Defendants from deposing them, despite the fact that Plaintiff had been aware of the witnesses long before the deadline.

Federal Rule of Civil Procedure 26(a) requires parties to disclose the identity of any expert witness it intends to rely on and requires the party to make expert disclosures "at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(1)(ii) and (a)(2)(ii)(D); *see also* Fed. R. Civ. P. 16(b)(3)(A). When a party fails to adhere to a scheduling order under Rule 16, the court "may issue any just orders, including those authorized by Federal Rule of Civil Procedure 37(b)(2)(A)(ii)–(vii)." Fed. R Civ. P. 16(f)(1).

Defendants argue that this late disclosure violates Rule 26, which requires a party to supplement its disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1); *see also Zurwell v. Hill's Pet Nutrition, Inc.*, No. 1:05-CV-1475-WTL-DML, 2010 WL 11561393, at *2 (S.D. Ind. Mar. 9, 2010) ("Parties are required to 'timely' supplement or amend their disclosures if they learn that the information is incomplete or incorrect and is not otherwise known to the other parties. The deadline for a final witness list does not alleviate the duty to supplement under Rule 26(e).") (citations omitted). As is applicable here, Rule 37 provides that if a "party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). When determining whether a violation of Rule 26(a) was justified or harmless, the Court should consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Defendants argue that Plaintiff's failure to disclose the witnesses earlier was due at least to willfulness, if not bad faith, since he knew the identify of the witnesses by, at latest, February 10, 2026, as indicated by the proposed expert reports. Because of the late disclosure, Defendants were unable to depose the fact witnesses before the close of discovery, potentially leading to surprises at trial. Plaintiff argues that the disclosures were timely because they were made before the close of discovery, Defendants' interrogatories did not request an updated witness list, and the discovery

deadline could be extended to allow Defendants to take the depositions. Rule 26 does not require Defendants to serve an interrogatory to prompt Plaintiff's compliance, so that argument is unavailing.

Although no trial date has been set, discovery has already been extended several times at Plaintiff's request, and Defendants object to further extensions as a method of curing their prejudice, since that involves disruption to the scheduling order in this case. "Case management deadlines are important, serving the crucial purposes of streamlining litigation and preventing surprise to the parties." *Farmers New Century Ins. Co. v. Est. of Brown*, No. 1:22-CV-1534-JRS-MJD, 2024 WL 2956796, at *3 (S.D. Ind. June 12, 2024) (striking late-disclosed witnesses and declining to grant an extension of the deadline where the late discloser's "lack of diligence in this matter cannot be ignored or overcome by a plea to fundamental fairness [because i]ts initial decision concerning what evidence to seek and its subsequent decision to delay seeking leave to supplement that evidence were entirely within its control; this is not the kind of 'excusable neglect' contemplated by Rule 6") (citations omitted); *see also Davis v. Hughes*, No. 3:16-CV-600-MAB, 2025 WL 2732287, at *10–11 (S.D. Ill. Sept. 25, 2025) ("It was not Plaintiffs' responsibility to comb through all of the documents in this case and try to guess which particular witnesses Defendant would call at trial in her case-in-chief and then choose whether to ask the Court for permission to conduct additional depositions (at the cost of considerable time and money, which could later prove worthless) . . . That is not how disclosures work.").

It is apparent that Plaintiff has known the identity of these witnesses for several months but chose not to disclose them until the very end of the fact discovery period. Whether that decision was because of the disorganization of counsel for Plaintiff or an attempt at gamesmanship, either to get Defendants to agree to an additional discovery extension or to prevent them from taking the

depositions of the witnesses, is not apparent from the record before the Court. Whatever the reason, the Court finds that Plaintiff acted with bad faith and/or willfulness and has not met his burden of showing that the failure to timely disclose the witnesses was substantially justified or harmless. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."). The three late-disclosed witnesses are stricken and their testimony may not be used as part of the trial or evidence in this case.

C. Fees

Under Rule 37, in addition to striking the witnesses for failure to comply with Rule 26(a), "the court, on motion and after giving an opportunity to be heard[] may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). Likewise, although the protective order is not granted in full as requested, the inadequacy of the notice and its late timing provoked the motion's filing, so attorney's fees are also appropriate with respect to the motion regarding the Rule 30(b)(6) deposition. Fed. R. Civ. P. 30(d)(3) (providing for award of expenses pursuant to Rule 37(a)(5) on a motion to limit deposition); Fed. R. Civ. P. 37(a)(5)(c) ("if the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion").

## III. Conclusion

For the foregoing reasons, the Court **GRANTS in part** the Emergency Motion for the Entry of a Protective Order [DE 80] as described herein and **ORDERS** the parties to meet and confer regarding the setting of a limited Rule 30(b)(6) deposition in a timely manner. The Court **GRANTS** the Motion to Strike Late Disclosed Fact Witnesses [DE 84].

The Court **ORDERS** Defendants to **FILE**, on or before **November 25, 2026**, an itemization of costs and fees, including attorney's fees, incurred in making the instant motions and an argument as to why they are entitled to these fees, with Plaintiff to **FILE** a response with the Court to Plaintiff's request for reasonable expenses incurred in making the instant Motion on or before **December 9, 2026**, with any reply to be filed by **December 16, 2026**.

SO ORDERED this 12th day of November, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record